IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREGORY H.,**[1] <br><br> Plaintiff, <br><br> v. <br><br> **MARTIN O'MALLEY,** Commissioner of Social Security, <br><br> Defendant. | Case No. 6:24-cv-00009-IM <br><br> **OPINION AND ORDER** |

Sherwood J. Reese, Luke Moen-Johnson, and Drew L. Johnson, P.C., 1700 Valley River Drive, Eugene, OR 97401. Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jennifer C. Forsyth, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of the

Social Security Administration's ("Commissioner") final decision denying his application for

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Title XVI Supplemental Security Income ("SSI"). For the reasons stated below, the ALJ's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id. See also Bray*, 554 F.3d at 1226.

PAGE 2 – OPINION AND ORDER

## BACKGROUND

### A. Plaintiff's Application and First Appeal

Plaintiff was born in 1985. AR 71, 134. He has a GED and no past relevant work. AR 23, 83, 529. Plaintiff filed an application for SSI on May 13, 2019, alleging disability since May 2001. Plaintiff later amended his alleged onset date to May 13, 2019. He was 33 years old on his alleged onset date.

Plaintiff's application was denied initially and upon reconsideration. AR 56–69; 71–84. Plaintiff requested a hearing, which was held on April 20, 2020, before ALJ Moira Ausems. AR 32. On May 6, 2020, ALJ Ausems issued an unfavorable decision, and the Appeals Council denied review. AR 1-6. Plaintiff's first appeal to the Court followed. AR 12–29. On March 22, 2022, this Court remanded to the ALJ for further proceedings, with limited instructions to formulate an appropriate RFC that includes (1) the moderate concentration, persistence, or pace limitation, and (2) the limitation that Plaintiff can accept supervision delivered in a normative fashion. AR 626. This Court further instructed the ALJ to formulate a hypothetical question to the VE that adequately captured Plaintiff's reformulated RFC. AR 626.

On August 8, 2023, a second administrative hearing was held before ALJ B. Hobbs. AR 522–552. On September 13, 2023, ALJ Hobbs issued an unfavorable decision, but notably failed to include both the limitation to moderate concentration, persistence or pace, and the limitation to supervision delivered in a normative fashion. AR 509. This appeal followed.

The Commissioner and Plaintiff both now stipulate that remand for further proceedings is appropriate but disagree as to the proper scope of the instructions to the ALJ on remand. Pl. Repl. Br. at 1; Def. Br. at 2. Thus, the only issue before the Court is the scope of the remand order.

B.  **The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing

        basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1099, 1100. *See also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

      At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 13, 2019, his alleged onset date. AR 506.

At step two, the ALJ found that Plaintiff has the following severe impairments: recurrent left leg cellulitis; antisocial personality disorder; persistent depressive disorder; borderline personality disorder; ADHD; and PTSD. *Id*. At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. AR 507. The ALJ then formulated Plaintiff's RFC, concluding that Plaintiff can perform medium work, as defined in 20 C.F.R. § 416.967(c), with the following additional limitations

> he can occasionally climb ladders, ropes, or scaffolds. He must avoid exposure to workplace hazards, including dangerous machinery or unprotected heights. He can understand, remember, and carry out simple, routine instructions involving simple work-related decisions. He can interact with co-workers and supervisors frequently (but no group tasks), and he can tolerate incidental contact with the public (defined as less than 15% of the workday). He can tolerate occasional changes in routine work setting.

AR 509. The ALJ found at step four that Plaintiff had no past relevant work and that transferability of job skills was thus not an issue. AR 511. At step five the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id*. Thus, the ALJ concluded that Plaintiff had not been disabled since May 13, 2019. AR 513.

## DISCUSSION

The question before the Court is whether the scope of the prior remand order should be retained as originally written, or made less restrictive to allow for further consideration of the evidence. Both parties in this case stipulate that remand for further proceedings is appropriate; they disagree, however, as to what instructions should be provided on remand to guide such further proceedings.

Plaintiff argues that the instructions from the Court's prior remand order, issued in March 2022, should be retained as originally written or written in a similarly restrictive fashion. Pl. Repl. Br. at 2. The Commissioner contends that the Court should craft a new, less restrictive, remand order, thus allowing the ALJ to give further consideration to any evidence added to the record subsequent to ALJ Hobbs' September 2023 decision. Def. Br. at 4.

1. **Broad remand instructions to the ALJ are appropriate**

The Commissioner seeks a broad remand order instructing the ALJ to "give further consideration to the RFC, the opinion evidence, and the symptom allegations; offer [Plaintiff] the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision." Def. Br. at 4. The Commissioner argues that these remand instructions are appropriate, in part, because on remand there will be "at least one year of new evidence" added to the record for the ALJ to consider. *Id*. at 6. The Commissioner contends that the new evidence may call into question prior administrative findings, including the finding that Plaintiff has a moderate limitation in concentration, persistence, and pace. It is the Commissioner's view that, because the new evidence may be substantially different from that which is already in the record, the ALJ should consider that new evidence without being hampered by court-mandated conclusions as to Plaintiff's limitations.

The Commissioner further asserts that if the Court were to endorse a more restrictive set of remand instructions, as Plaintiff suggests, it would "sharply limit the agency's ability to make appropriate findings when it issues a new decision on remand." *Id*. at 5. According to the Commissioner, the set of remand instructions requested by Plaintiff amounts to "handpick[ing] the evidentiary findings within a decision that he wants to keep" in contravention of the regulations. *Id*. The Court agrees with the Commissioner's conclusion that a broad remand order is more consistent with the regulations.

PAGE 7 – OPINION AND ORDER

The regulations state that, on remand from a Federal court, "[a]ny issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge . . .." 20 C.F.R. § 416.1483(a). To limit the remand order to requiring specific conclusions regarding Plaintiff's RFC limitations, as Plaintiff requests, would be inconsistent with the regulations. As the Commissioner points out, new evidence could "reveal markedly improved functioning" or "call into question the ALJ's findings during the previously adjudicated period." Def. Br. at 6. To limit the ALJ to specific RFC findings is also inconsistent with Ninth Circuit precedent, as the cases cited by the Commissioner demonstrate. *See e.g., Celedon v. Saul* 776 F.App'x 959, 960 (9th Cir. 2019) (unpublished) (on appeal, the Ninth Circuit concluded the law of the case did not apply because the ALJ had substantially different evidence than the prior ALJ); *Morin v. Saul*, 840 F.App'x 77, 80 (9th Cir. 2020) (unpublished) (same); *Torres v. Saul*, 798 F.App'x 979, 982 (9th Cir. 2019) (unpublished) (same); *Shultes v. Berryhill*, 758 F.App'x 589, 591 (9th Cir. 2018) (unpublished) (same).

Indeed, if new, highly probative evidence of markedly improved functioning during the previously adjudicated period should appear in the record, nothing should prohibit the ALJ from changing her conclusions regarding Plaintiff's concentration, persistence, and pace limitation. In *Stacy*, for example, two prior administrative proceedings found that Stacy could not perform past relevant work, but new evidence at the third administrative proceeding led the VE to conclude that Stacy was capable of performing her past relevant work. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The *Stacy* court concluded that the ALJ did not err because new, highly probative evidence led the ALJ to draw a different conclusion than in the prior administrative proceedings. *Id*. In the present case, like in *Stacy*, if the ALJ concludes that new, probative evidence warrants a different conclusion as to Plaintiff's limitation in concentration, persistence,

and pace, the ALJ should be free to make that conclusion, provided that her conclusion is supported by substantial evidence.

Plaintiff's argument that the ALJ would be "[kept] in the dark" as to why the case is again being remanded if the Court fails to repeat the original remand instructions is unavailing. Pl. Repl. Br. at 4–5. The ALJ is required to review the record as a whole, including the two prior ALJ decisions and this Court's prior remand order. Given the evidence in the record, the ALJ will doubtless be able to discern why this case is again being remanded. However, should there be any doubts as to why the case is again being remanded, it is because the second ALJ failed to include all of Plaintiff's credible limitations in the RFC. And what the Court must not permit is for a credible limitation to remain unaddressed in an RFC, as has now twice been the case for Plaintiff.

Indeed, the most recent iteration of Plaintiff's RFC included only a change from "simple routine tasks" to "simple routine instructions," neither of which addresses a moderate limitation in concentration, persistence, and pace. *See* 20 C.F.R., Ch. III, Pt. 404, Sbpt. P., Appen. 1, § 12.00(E)(3) (This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate.[2]). Additionally, the ALJ insufficiently explained why she concluded Plaintiff now only requires a quantitative limitation to his interactions with supervisors, rather than a qualitative limitation, as this Court had previously ordered. On remand,

---

[2] Examples include: initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day. 20 C.F.R., Ch. III, Pt. 404, Sbpt. P., Appen. 1, § 12.00(E)(3).

PAGE 9 – OPINION AND ORDER

the ALJ must incorporate all of Plaintiff's credible limitations into the RFC and must support her conclusions with substantial evidence, as the regulations require.

In sum, the Court concludes that broad remand instructions are appropriate in this case. On remand, the ALJ is to consider the evidence, offer the Plaintiff the opportunity for a new hearing, take any further action needed to complete the administrative record, and formulate an RFC that includes all credible limitations.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 2nd day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge